IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY GALA,

    Plaintiff,

v.                                                                           No. 1:19-cv-263-KWR-JFR

GAMESTOP, Inc.,

    Defendant.

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment [Doc. 29], filed August 9, 2019. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is **GRANTED**.

### BACKGROUND

This is a negligence action arising from injuries Plaintiff sustained when he was attacked by two men in the parking lot outside of Defendant's store. Defendant operates an electronic gaming store located at 3781 Cerrillos Road, Santa Fe, New Mexico. On May 25, 2016, Plaintiff purchased a video game console from Defendant's store. After completing his purchase, and upon exiting the store, Plaintiff was attacked by two individuals in the parking lot.[1]

Defendant leases the premises from Vega Verdes, LLC. The Lease Agreement designates the parking lot as a part of the "common areas" for the use of all tenants and reserves control of the parking lot exclusively for Vega Verdes, LLC. In the pertinent part, Article VI, Section 6.1 states:

---

[1] Plaintiff alleges that the two assailants had been in line in front of him inside the store and had been asked to leave after attempting to purchase a game console with a fraudulent credit card.

> The "Common Area" is the part of the Shopping Center designated by Landlord from time to time for the common use of all tenants, including among other facilities, parking area, sidewalks, landscaping, curbs, loading areas private streets and alleys, lighting facilities, hallways, malls, rest rooms, and other areas and improvements provided by Landlord for the common use of all tenants, *all of which shall be subject to Landlord's sole management and control and shall be operated and maintained in such manner as Landlord, in its discretion, shall determine*…. (emphasis added).

*See* Doc. 29-1 Ex. D.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 922 F.3d 1033, 1036 (10th Cir. 1993) (citations omitted). Once the moving party meets its initial burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted).

A fact is material if it could have an effect on the outcome of the suit. *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014). A dispute over a material fact is genuine if the evidence presented could allow a rational jury to find in favor of the nonmoving party. *EEOC v. Horizon/CMS Heathcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). A court is to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). A court cannot weigh the evidence and determine the truth of the matter, but instead determines whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and thus, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

## DISCUSSION

Plaintiff removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446. Diversity jurisdiction requires diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### I. **Subject Matter Jurisdiction.**

Where the complaint does not assert an amount due, the party asserting federal jurisdiction must prove by a preponderance of the evidence jurisdictional facts showing that the amount in controversy *may* exceed $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953-55 (10th Cir. 2008) ("defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play") (citation omitted) (emphasis in original). This burden arises only when a plaintiff argues the amount in controversy is insufficient to support diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owen*, 135 S.Ct. 547, 554 (2014). In other words, evidentiary submissions are not required at the time of removal. *Id.* at 551, 554.

The Court notes that the complaint is silent as to the exact amount in controversy. Plaintiff, however, has not contested Defendant's assertion that the nature of the injuries and damages claimed logically exceed $75,000. Accordingly, the Court finds there is no reason to doubt that it has jurisdiction over the subject matter in this case. *See generally McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008).

### II. **Defendant Did Not Retain Control over the Parking Lot**

### A. Parties' Assertions

Plaintiff claims that Defendant was negligent in that it failed to properly warn of a dangerous condition; that it knew or should have known that the store was in a high crime area; and that it should have taken precautions to protect customers, such as by hiring security or installing surveillance.

Defendant asserts that it never exercised control over the parking lot where Plaintiff was injured; that the parking lot area was expressly reserved by and under control of Defendant's Lessor, Vega Verdes LLC; and that, even if Plaintiff were able to demonstrate Defendant owed a duty to maintain the parking lot, Defendant had no prior notice that it was an unsafe area.

### B. Analysis

Plaintiff has not pointed to cognizable evidence that Defendant exercised control over the parking lot or that it had prior notice that the store, or parking lot, was in an unsafe area such that it would have owed a duty to Plaintiff under the circumstances alleged.

#### 1. The Law Regarding the Duty of Care

Asserting a claim sounding in negligence requires that a plaintiff demonstrate the existence of a duty owed by a defendant to the plaintiff, breach of that duty, and the breach being a proximate cause and cause in fact of the plaintiff's damages. *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 135 N.M. 43. "The absence of any of these elements is fatal to a negligence claim." *Romero v. Giant Stop-N-Go of New Mexico, Inc.*, 2009-NMCA-059, ¶ 5, 146 N.M. 520, 522.

"In New Mexico, '[a]n owner ... owes a visitor the duty to use ordinary care to keep the premises safe for use by the visitor....' UJI 13-1309, NMRA 1998 (2018 ed.). An owner's duty to protect a visitor extends to protecting the visitor from harm by a third party if 'a foreseeable

risk that a third person will injure a visitor' exists. UJI 13-1320, NMRA 1998 (2018 ed.). '[A]s the risk of danger increases, the amount of care to be exercised by the owner ... also increases.' *Id.*" *Lilley v. CVS Health*, 2019 WL 1396415, at *2 (D.N.M. Mar. 27, 2019).

It is well settled that "where a landlord fully parts with the possession of the premises and retains no control or right of control over them, and does not thereafter assume control, he is under no duty to inspect their condition while a tenant remains in possession, and is not chargeable with liability for defects not made by him or under his direction for failure to make repairs." *Torres v. Piggly Wiggly Shop Rite Foods, Inc.*, 1979-NMCA-093, ¶ 6, 93 N.M. 408, 410. On the other hand, "In the context of a shopping mall, it is black-letter law that it is the mall owner, and not the various shopkeepers, who has legal responsibility for conditions in the common areas of a shopping center." *Stetz v. Skaggs Drug Centers, Inc.*, 1992-NMCA-104, ¶ 8, 114 N.M. 465, 468.

In *Torres*, the plaintiff sued the tenant-defendant Piggly Wiggly, when she slipped and fell on a greasy area in the parking lot near the entry to the store, located in a shopping center. *Id*. at 409. The Court provided the scope of a tenant's liability, stating that a "tenant in complete and sole control of leased premises is liable for any defects in those premises or for the failure to make repairs in them, *absent a reservation by the landlord for common use of several tenants or a reservation by the landlord of the right to enter and make repairs*." *Id*. at 410. (emphasis added). Since the terms of the relevant lease expressly reserved the parking lot for the common use of all tenants, and there was no evidence that Piggly Wiggly exercised control over the lot despite that provision, the Court determined that summary judgment was warranted.

Here, as part of its burden in moving for summary judgment, Defendant proffers its Lease Agreement with its Landlord, Vega Verdes, LCC, which provides that the parking lot is part of

the "common area," open to use by all tenants. Moreover, the Lease expressly states that common areas "shall be subject to Landlord's sole management and control and shall be operated and maintained in such manner as Landlord, in its discretion, shall determine…." SOF 6; Doc. 29-1 Ex. D. Defendant avers that it never maintained, exercised control over, or monitored, the parking lot area. SOF 7; *See* Doc 29-1 Ex. C (Lynch Aff. [Director of Risk Management]). Upon this showing of lack of control over the relevant area, the burden shifts to Plaintiff to establish a genuine issue of material fact. Plaintiff's conclusory denial that it "does not know if defendant has ever taken the responsibility to maintain or monitor the parking lot and therefore must dispute this material fact," is insufficient rebuttal. *See Ciup v. Chevron U.S.A., Inc.*, 1996-NMSC-062, ¶ 11, 122 N.M. 537, 541. Accordingly, Plaintiff has failed to make a prima facie showing of necessary control by Defendant and has not elicited any facts that would preclude summary judgment.

### 2. Prior Notice of a Dangerous Condition

Plaintiff claims that Defendant knew or should have known of the dangerous nature of the location as a high crime area yet failed to take steps to warn or protect customers. "As a general rule, a person does not have a duty to protect another from harm caused by the criminal acts of third persons unless the person has a special relationship with the other giving rise to a duty." *Id*. at 539. However, a proprietor is liable for harms caused by third parties "if, by the exercise of reasonable care, the proprietor could have discovered that such acts were being done or about to be done, and could have protected against the injury by controlling the conduct of the other patron." *Coca v. Arceo*, 1962-NMSC-169, ¶ 7, 71 N.M. 186, 189. In analyzing prior notice, the Court focuses on whether the defendant "exercised ordinary care to protect a visitor from 'a foreseeable risk that a third person will injure a visitor'." (*Lilley v. CVS Health*, 2019 WL 1396415, at *3

(D.N.M. Mar. 27, 2019); *See Romero v. Giant Stop-N-Go of New Mexico, Inc.*, 2009-NMCA-059, ¶ 7, 146 N.M. 520, 522 (referring to UJI 13–1320 NMRA [stating that the duty of an owner or operator to protect a visitor "arises from a foreseeable risk that a third person will injure a visitor"]).

Defendant argues that the store is not located in a high crime area; that it has never been notified of either a dangerous condition or of violent crime in the parking lot; and, that prior to Plaintiff's incident, no one has ever alleged that the area in which the store is located was dangerous or customers might be subject to attack. SOF 8-9. In support, Defendant submits an affidavit of David Lynch, its Director of Risk Management, testifying to that effect. Plaintiff's opposition refers to an expert disclosure that does not exist,[2] and Plaintiff's affidavit, which describes his incident but does not support the conclusion that the store was situated in a high crime area. *Cf. Reichert v. Atler*, 1994-NMSC-056, ¶ 5, 117 N.M. 623 (bar owners had a duty to protect the plaintiff-patron, who was shot and killed by another patron, because the bar had a reputation as being one of the most dangerous in the county, with multiple incidents of violence of a similar nature having occurred previously, but the owners only employed one bouncer.)

The Court finds that Plaintiff's remaining contentions are equally without merit and unsupported by the record. Since no evidence has been provided demonstrating that Defendant knew or had reason to know that the two individuals would or were about to attack Plaintiff in the parking lot, which in any event was outside of its control, summary judgment is granted.

## CONCLUSION

Defendant has met its burden of entitlement to summary judgment. Viewing the evidence in the light most favorable to Plaintiff, there are no genuine issues of material fact.

---

[2] Plaintiff's expert was stricken pursuant to Court Order, Doc. 37.

**THEREFORE, IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 29) is hereby **GRANTED.**

All claims are dismissed. A separate Judgment will be issued accordingly.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE